UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT GAVIN MOORE and TERESA JEAN MOORE,<br><br>　　　　　　　　　Appellants,<br>　　v.<br><br>BRYAN D. LYNCH, et. al.,<br><br>　　　　　　　　　Appellees. | CASE NO.  20-5417 RJB<br><br>Bankruptcy No. 19-43563 BDL<br><br>Bankr. Appeal No. 20-T004<br><br>ORDER DISMISSING CASE |

　　　　THIS MATTER comes before the Court on the Appellants, Robert and Teresa Moore's, September 11, 2020 response to the Court's Order to Show Cause.  Dkt. 14.  The Court has considered the response and the remaining file.

　　　　On April 30, 2020, the Moores filed a notice of appeal regarding U.S. Bankruptcy Court's decisions, including the decisions to dismiss the bankruptcy petition with prejudice and impose a sanction for bad faith (a seven year bar to filing a new bankruptcy case) and to lift the automatic stay.  Dkt. 1.

ORDER DISMISSING CASE - 1

The Moores were ordered to file their opening brief by July 27, 2020; the response brief was due by August 26, 2020 and the Moores' reply, if any, was due by September 9, 2020. Dkt. 6. The Moores did not file an opening brief.

Rather, on September 7, 2020, the Moores filed an "Emergency Motion for Temporary Restraining Order" in an attempt stop a foreclosure proceeding on a California property on September 10, 2020. Dkt. 11. On September 8, 2020, the Moores contacted the Clerk of the Court's office and stated that they may withdraw their motion. On September 8, 2020, the Moores filed a notice renoting the motion to October 2, 2020. Dkt. 12.

On September 9, 2020, the Court ordered the Moores to show cause, if any they had, why this case should not be dismissed for failure to file their opening brief. Dkt. 13. That order noted that, "[t]he Moores did not follow the Court's order to file their opening brief by July 27, 2020. The Court is aware that the underlying bankruptcy case was dismissed due to the Moore's bad faith filings in various bankruptcy cases." *Id.*

On September 11, 2020, the Moores responded to the Court's order to show cause. Dkt. 14. They assert that after they filed their notice of appeal in this case, the Bankruptcy Court entered orders dismissing adversarial cases without jurisdiction to do so (because this appeal is pending). *Id.* The Moores claim that they were unable to file an opening brief in this case "because the final disposition of the adversary cases and final designation of the appeal record were incomplete at the time." *Id.,* at 6. They assert that "during the hearings of the two adversary cases on the September 9, 2020 the Bankruptcy Court overruled the objection about the power of attorney McCormick to 'represent' the corporate defendants." They contend that "[t]he ruling changed the issues of the appeal and impacted the alleged 'bad faith' filings in various bankruptcy cases." *Id.* The Moores claim that without the final orders, they cannot

make the final record designation or write the opening brief.  *Id.*  Further, they state that once the final order in *Moore v. Wells Fargo, et.al.,* U.S. Bankruptcy Court for the Western District of Washington Adversary Proceeding 20-04018, is entered, they will amend the notice of appeal, designate the record for the appeal and request a new scheduling order.  *Id.*

That same day, on September 11, 2020, the Bankruptcy Court entered a written order granting the motion for summary judgment in Adversary Proceeding 20-04018 which resulted in the dismissal of all named defendants.  *Moore v. Wells Fargo, et.al.,* U.S. Bankruptcy Court for the Western District of Washington Adversary Proceeding 20-04018, Dkt. 34.  It also entered an order requiring the Moores to show cause why the unnamed "John Doe" defendants should not be dismissed by September 23, 2020; a hearing is set for September 30, 2020.  *Moore v. Wells Fargo, et.al.,* U.S. Bankruptcy Court for the Western District of Washington Adversary Proceeding 20-04018, Dkt. 35.

The Moore's response to the order to show cause in this case should be construed as a motion for an extension of the case schedule.

**Standard.**  Pursuant Fed. R. Civ. P. 6, the court may grant an extension of a case schedule for good cause.

**Decision.**  The Moore's motion for an extension of the case schedule (Dkt. 14) should be denied.  They fail to show good cause for the extension.  While they assert that they cannot properly amend the notice of appeal, designate the record, or file an opening brief in this case, until final orders are issued in Adversary Proceeding 20-04018, they provide no reason for their assertions other than their claim that one of the defendants' lawyers should not be representing them.  (In Adversary Proceeding 20-04018, the Moores attempted to "strike" an attorney as not "authorized" to represent some of the defendants (Dkt. 29) even though that attorney filed a

notice of appearance in the case (Dkt. 26)).  This claim is wholly without merit as the Ninth Circuit has informed the Moores.  "An attorney making an appearance for a litigant is presumed to have been granted authority to represent that litigant."  *In re Moore*, AP 17-05005, 2018 WL 1057834, at *6 (B.A.P. 9th Cir. Feb. 26, 2018).  The Moores offer no basis for a continuance.

Moreover, this is not an appeal of an adversary action; there is no showing that decisions in those cases are relevant to the issues on appeal here.  This is an appeal of the Bankruptcy Court's decision to dismiss the case for bad faith filings, and as a sanction, to issue a seven year bar on further bankruptcy filings.  Dkt. 1.  The Bankruptcy Court noted that two other U.S. Bankruptcy Courts, in Hawaii and Nevada, have also issued bar orders against the Moores for their bad faith filings.  Dkt. 1, at 6-10.  On December 18, 2018, U.S. Bankruptcy Court in the District of Hawaii issued an order which included a five year bar on Ms. Moore's "refiling any bankruptcy case under any chapter in any United States Bankruptcy Court."  *In re Teresa Jean Moore,* United States Bankruptcy Court for the Dist. of Hawaii, case number 17-01311, filed in the record here at Dkt. 1, at 12-24.  On November 15, 2015, the U.S. Bankruptcy Court for the Dist. of Nevada issued an order barring both Mr. and Ms. Moore from filing a bankruptcy case for two years for their bad faith filings.  *In re Teresa Jean Moore and Robert Gavin Moore,* United States Bankruptcy Court for the Dist. of Nevada, case number 14-13791, filed in the record here at Dkt. 1, at 27-29.

The Moores have an extensive litigation history.  They did not respond to any of the deadlines set in this case until the Court ordered that they do so or face dismissal.  Instead, they filed an "Emergency Temporary Restraining Order," seeking to stop a foreclosure of a California property (located at 4251 Laurel Canyon Blvd., Studio City, Los Angeles, California) ("Laurel Canyon") that has been the subject of other bankruptcy cases, including *In re Teresa Jean*

*Moore,* United States Bankruptcy Court for the Dist. of Hawaii, case number 17-01311, the case referenced above.  In noting that Ms. Moore's tactics have forced their creditors to file multiple motions for relief from bankruptcy stays on the Laurel Canyon property, the Bankruptcy Court in Hawaii noted that:

> [I]n 2007 the bankruptcy court for the Central District of California granted relief from stay in Ms. Moore's third bankruptcy case, with regard to the property located at 4251 Laurel Canyon Boulevard, Los Angeles, California. Seven years later, in 2014, Ms. Moore listed the same asset in her schedules when she filed her seventh bankruptcy case in Nevada.  The bankruptcy court for the District of Nevada, again granted relief from stay with respect to the interest of [a] creditor in the same property.  This court, in the current case, recently granted relief from stay in connection with the same property.

*In re Teresa Jean Moore*, United States Bankruptcy Court for the Dist. of Hawaii, case number 17-01311, filed in the record here at Dkt. 1, at 12-24 (citing, in part, *In re Teresa Jean Moore and Robert Gavin Moore,* United States Bankruptcy Court for the Dist. of Nevada, case number 14-13791, filed in the record here at Dkt. 1, at 27-29).  The Moore's "Emergency Temporary Restraining Order" filed in this case, is a continuation of their pattern of abusing the bankruptcy system in order to escape foreclosure.

Fed. R. Civ. P. 16 (f)(1) provides that the court, on motion or on its own, may issue "any just orders including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)" if a party "fails to obey a scheduling or other pretrial order."  Under Fed. R. Civ. P. 37(b)(2)(A)(v), the court may dismiss an action or proceeding in whole or in part for failure to obey a court order.

This case should be dismissed with prejudice for failing to obey a court order.  The Moores have ignored the scheduling orders issued in this case.  They fail to show good cause for an extension.  Their "Emergency Motion for Temporary Restraining Order" is a continuation of

ORDER DISMISSING CASE - 5

1  their abusive litigation tactics.  All pending motions should be stricken, and the case should be

2  dismissed and closed.

3  **IT IS SO ORDERED**.

4  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

5  to any party appearing *pro se* at said party's last known address.

6  Dated this 21st day of September, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge